IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PLUMBERS AND STEAMFITTERS     *
LOCAL 486 PENSION FUND, *et al.,*

     *

     Plaintiffs,

     *       Civil No.: 1:25-cv-03136-JRR

v.

     *

ANTONIOS HATZIGEORGALIS, *et al.*,

     *

     Defendants.

     *

     *      *      *      *      *      *

## REPORT AND RECOMMENDATION

This Report and Recommendation addresses the Motion for Entry of Judgment by Confession filed by Plaintiffs Plumbers and Steamfitters Local 486 Pension Fund, *et al.* (collectively, "Plaintiffs" or the "Funds and related entities") against Defendants Antonios Hatzigeorgalis and Constantine Hadjis (collectively, "Defendants"). ECF No. 9. On May 26, 2026, in accordance with 28 U.S.C § 636 and Local Rules 301 and 302, the Honorable Julie R. Rubin referred this case to the undersigned for a Report and Recommendation on the Motion for Entry of Judgment. ECF No. 10. The undersigned has reviewed Plaintiffs' Motion and the accompanying attachments. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons herein, the undersigned recommends that the Motion be granted.

## I.  BACKGROUND

Plaintiffs are comprised of entities: Plumbers and Steamfitters Local 486 Pension Fund, an employee pension benefit plan; Plumbers and Steamfitters Local 486 Medical Fund, an employee

welfare benefit plan; Plumbers and Steamfitters Local 486 Severance and Annuity/401(k) Fund, an employee pension benefit plan; Plumbers and Steamfitters Local 486 Joint Journeyman and Apprentice Training Fund, an employee welfare benefit plan; International Training Fund, a fringe benefit trust fund and an employee welfare benefit plan; Mechanical Contractors Association of Maryland, Inc., an employer association and a corporate entity organized and existing under the laws of the State of Maryland; Plumbers and Steamfitters Local 486, United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, AFL CIO, an unincorporated labor organization that represents employees in the State of Maryland. ECF No. 1 at 3-6.

Defendants Antonios Hatzigeorgalis and Constantine Hadjis were principal officers of DNA Mechanical LLC, a Maryland company which employed "persons in the plumbing and steamfitting trade." ECF No. 1 at 6. "DNA Mechanical, LLC was obligated to make contributions and/or remit payroll deductions to the Funds and related entities pursuant to the terms and conditions of a Collective Bargaining Agreement…." ECF No. 1 at 6. Both Defendants were "subject to the terms and conditions of a Payment Agreement between the Funds and related entities," and Defendants. ECF No. 1 at 6.

On August 1, 2024, to resolve a 2022 and 2023 breach of agreements between the parties, including a payment agreement and a Collective Bargaining Agreement, the parties executed a new agreement, the Payment Agreement Including Confession of Judgment. ECF No. 1-1. In that Payment Agreement Including Confession of Judgment, Defendants agreed "to pay the Funds and related entities $65,000 representing unpaid contributions and remittances for the months of September, October, November and December, 2022, January, February, March, April, May, June and July, 2023 secured by a Confession of Judgment." ECF No. 1-1 at 2. In exchange, "[t]he Funds

and related entities agree[d] to forbear from taking any additional action to execute on the judgment in" a previously filed case, "as long as [Defendants] fully comply with the terms of this [Payment] Agreement." ECF No. 1-1 at 2. The Payment Agreement Including Confession of Judgment required Defendants to pay the $65,000 in 36 installment payments of $1,805.56, with the first payment due on August 1, 2024, and the final payment due on or before July 1, 2027. ECF No. 1-1 at 2-3.

Defendants defaulted on that Payment Agreement Including Confession of Judgment in several ways. First, Defendants did not timely make payments 9 and 10. Plaintiffs notified Defendants of the default on May 5, 2025; Defendants then had 14 days to cure the default per paragraph 4 of the Payment Agreement Including Confession of Judgment. ECF No. 1 at 9. Second, the bank dishonored Defendants' reissued checks for payments 6 and 7 (the first checks for these payments had been misrouted due to a miscommunication among Plaintiffs' representatives). Plaintiffs notified Defendants of the default on May 6, 2025, and Defendants then had 14 days to cure that default per paragraph 4. ECF No. 1 at 8-9. Third, after Defendants re-issued checks for payments 6 and 7 and issued checks for payments 9 and 10, Defendant Constantine Hadjis notified Plaintiffs of a "fraud alert" on Defendants' account and requested that Plaintiffs not deposit the checks for a "few days." ECF No. 1 at 9-10. However, when Plaintiffs deposited the checks on May 28, 2025, the bank dishonored them, and when Defendants asked Plaintiffs to "re-run" the checks, the bank was unable to do so. ECF No. 1 at 10.

Fourth, Defendants did not timely make payment 11. Plaintiffs notified Defendants of the default on June 2, 2025; Defendants then had 14 days to cure the default per paragraph 4, although Defendants did not provide a check until June 25, 2025. ECF No. 1 at 10. Fifth, on July 8, 2025, Plaintiffs notified Defendants that payments 6, 7, 9, and 10 were still due as those payments had

been dishonored when presented, so Defendants had 14 days to cure the default. ECF no. 1 at 10-11. On July 22, 2025, Defendants provided payment of $3,311.00, equal to one full and one partial payment, which Plaintiff's applied to payment 6 and part of payment 7. ECF No. 1 at 11. But the remainder was still outstanding.

Plaintiff then filed a Complaint for Confessed Judgment in this Court. ECF No. 1. As of the date Plaintiffs filed the Complaint, September 22, 2025, payments 7, 9 and 10 were still outstanding, as were payments 12, 13 and 14. ECF No. 1 at 11. Plaintiffs request that the Court:

> Enter judgment by confession in favor of Plaintiffs and against Defendants Antonios Hatzigeorgalis and Defendant Constantine Hadjis, jointly and severally, in the amount of $49,050.08, which represents:
>
> i.     $15,931.23 to the Pension Fund;
>
> ii.    $17,349.30 to the Medical Fund;
>
> iii.   $8,753.48 to the Severance Fund;
>
> iv.   $2,840.61 to the Training Fund;
>
> v.    $184.13 to the ITF;
>
> vi.   $773.32 to the MCA;
>
> vii.  $3,218.02 to Local 486.
>
> a.  Award post-judgment interest as permitted by law and the governing Trust Agreements that govern the Funds and related entities;
>
> b.  Award such other and further relief as this Court deems just and proper.

(ECF No. 9 at 3).

## II.   LEGAL STANDARD

"In effect, a Judgment by Confession is a private admission to liability for debt without trial and allows the entry of a judgment on the admission or confession without the formality, time, or expense, involved in an ordinary proceeding." *Int'l Painters & Allied Trades Indus. Pension Fund v. SRI Constr.*, No. GLR-19-CV-02586, 2019 WL 5078262, at *2 (D. Md. Oct. 10, 2019) (citing *Nature of Judgment by Confession*, 49 C.J.S. Judgments § 10 (2019)).

4

Local Rule 108.1 requires that a plaintiff seeking the entry of a confessed judgment file a Complaint, accompanied by:

> 1. [T]he written instrument that
>
>> (a) authorizes the confessed judgment; and
>>
>> (b) entitles the plaintiff to a claim for liquidated damages;
>
> 2. [A]n affidavit of the plaintiff or someone on behalf of the plaintiff, stating:
>
>> (a) the circumstances under which the defendant executed the written instrument;
>>
>> (b) the age and education of the defendant, if known;
>>
>> (c) the amount due under the written instrument; and
>>
>> (d) the defendant's post office address (including the street address if needed to effect mail delivery).

*Id.* (citing *Int'l Painters v. Kosson Glass, Inc.*, 2016 WL 7383354, at *1 (D. Md. Dec. 21, 2016)).

> Upon review of the documents required to be submitted by Local Rule 108.1, the Court may direct the entry of judgment upon a finding that the documents attached to the Complaint prima facie establish:
>
> 1. The Defendant's voluntary, knowing, and intelligent waiver of:
>
>> a.    The right to notice; and
>>
>> b.    A prejudgment hearing on the merits of the claim of the Plaintiff's liquidated damages claim; and
>
> 2. The Plaintiffs' meritorious claim for liquidated damages against the Defendant.

*Id.*

### III.    WRITTEN INSTRUMENT AUTHORIZING THE CONFESSION OF JUDGMENT AND SUPPORTING AFFIDAVIT

Plaintiffs attach to their Complaint a "Payment Agreement Including Confession of Judgment," which includes an amortization schedule, and an "Affidavit of Nichelle Henry," who is an "Account Executive" for some of the Plaintiffs and a "local agent for collection" for others of the Plaintiffs. ECF Nos. 1-1 at 3; 1-2 ¶ 1. In the Affidavit, Nichelle Henry attests to the truthfulness of the assertions in the Complaint, authenticates the exhibits attached to the

5

Complaint, references the Payment Agreement Including Confession of Judgment, details the amounts due, the amounts still outstanding, and how they were calculated, and provides the mailing address for each Defendant. ECF No. 1-2 ¶¶ 1-12. On May 8, 2026, Plaintiffs filed a Motion for Entry of Judgment by Confession, in which counsel for Plaintiffs details the amounts still outstanding as of that date and the request for judgment. ECF No. 9. Together, these filings meet the requirements of Local Rule 108.1(a), for "written instrument[s] authorizing the confessed judgment and entitling Plaintiff to a claim for liquidated damages." *Kosson*, 2016 WL 7383354, at *1; *see also SRI Constr.*, 2019 WL 5078262, at *2. I find that the Complaint and its accompanying documents substantively meet the requirements of Local Rule 108(a).

The Payment Agreement Including Confession of Judgment (hereafter, "Payment Agreement") dated August 1, 2024, was executed by two trustees for the Funds and related entities, and by both Defendants, Antonios Hatzigeorgalis and Constantine Hadjis, individually and as the "two principal owners" of DNA Mechanical LLC. ECF No. 1-1 at 1, 5.

The Payment Agreement confirms that DNA Mechanical LLC was a signatory to a collective bargaining agreement which required the company "to make contributions and/or remit payroll deductions to the Funds and related entities," and that Plaintiffs and Defendants "entered into a payment agreement for delinquent contributions." ECF No. 1-1 at 1. Further, it explains that Plaintiffs sued the Defendants in this Court, Civ. No. JRR-23-cv-1259, and as part of the settlement of that earlier case, the parties entered into the Payment Agreement underlying this case. ECF No. 1-1 at 1-2.

In the Payment Agreement, Defendants agreed "to pay the Funds and related entities $65,000 representing unpaid contributions and remittances" for the months of September 2022 through July 2023. ECF No. 1-1 at 2. To avoid further litigation, Plaintiffs agreed "to forbear

taking additional action" in case JRR-23-cv-1259, and Defendants agreed "to be jointly and severally liable in paying to the Funds and related entities the sum of $65,000," on a schedule delineated in the Payment Agreement. ECF No. 1-1 ¶¶ 1-2.

The Payment Agreement defines breach as any payment that is "not received in a timely manner, or is made by check or payment that is dishonored when presented," which is not cured within 14 days of Plaintiffs notifying Defendants of the breach. ECF No. 1-1 ¶ 4. In the event of breach, Defendants "authorize any court of competent jurisdiction to enter a Confession of Judgment against [Defendants], jointly and severally, and in favor of [Plaintiffs], for the entire balance remaining…at the time such judgment is entered." ECF No. 1-1 ¶ 5. Defendants also agreed to "waive and release demand for payment, notice of non-payment and all errors, and hereby waives the right of exemption, appeal, stay of execution and extension upon levy on real estate. . . ." ECF No. 1-1 ¶ 9.

Each Defendant acknowledged that the Payment Agreement "is a legally binding document and that [he] has had an opportunity to consult with counsel regarding this document." ECF No. 1-1 ¶¶ 10-11. Each individual signing the Payment Agreement individually or on behalf of one of the parties, by signing

> warrants that he/she is authorized to sign this Agreement on behalf of the entity or individual, that all necessary action has been taken by the representative to bind the parties to the terms of this Agreement, that such action is properly noted in the records of the parties, and that by signing he/she binds the party to the terms of this Agreement.

ECF No. 1-1 ¶ 12.

Consistent with the Payment Agreement, Plaintiffs notified Defendants of their alleged breaches and right to cure on May 5, 2025, May 6, 2025, June 2, 2025, and July 8, 2025. ECF No. 1 at 9-10. In response, Defendants provided checks to Plaintiffs, but this failed to cure the breach

as all the checks Defendants provided were dishonored by the bank, except one June 25, 2025 check for payment 11 and one July 22, 2025 check that was applied to payment 6 and part of payment 7. ECF No. 1 at 9-11. Following the lapse of the grace period, Plaintiffs filed the instant Complaint, along with an affidavit by Nichelle Henry, specifying the basis for Plaintiffs' claim for confessed judgment and outstanding debt owed.  *See* ECF No. 1.

## IV.        ENFORCEABILITY OF CONFESSED JUDGMENT

Evidence suggests Defendants voluntarily, knowingly, and intelligently, entered into the Payment Agreement.  Although neither Defendant's age is specified in either the Complaint or Affidavit, both Defendants, as the "two principal owners" of DNA Mechanical LLC, were presumptively adults and sophisticated business persons at the time they executed the Payment Agreement.  ECF No. 1-1 at 1.  These facts are sufficient to meet the requirement that a confessed judgment be voluntary, knowing, and intelligent. *SRI Constr.*, 2019 WL 5078262, at *2; *Kosson*, 2016 WL 7383354, at *2 (listing cases).  The Confession of Judgment is therefore enforceable against Defendants Antonios Hatzigeorgalis and Constantine Hadjis.

## V.        DAMAGES

Pursuant to the confessed judgment provision in the Payment Agreement, Plaintiffs seek $49,050.08, which represents the amount of principal still outstanding. ECF No. 9 at 2-3; Henry Aff., ECF No. 9-1 ¶ 10.

Plaintiffs also request "post-judgment interest as permitted by law and the governing Trust Agreements that govern the Funds and related entities," and "such other and further relief as this Court deems just and proper." ECF No. 9 at 3.

**VI.      CONCLUSION**

I recommend the Court direct the Clerk to enter the confessed judgment against Defendants and in favor of Plaintiffs in the amount of $49,050.08, plus post-judgment interest as provided for and calculated in accordance with 28 U.S.C. § 1961.

I direct the Clerk to ensure that notice of this Report and Recommendation is provided to Defendants as follows, pursuant to Local Rule 108.1(c):

Antonios Hatzigeorgalis                Constantine Hadjis
3704 Denton Court                      1311 Moonshadow Road
Abingdon, Maryland 21009-2055          Bel Air, Maryland 21015

Objections to this Report and Recommendation must be served and filed within 14 days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5(b).


Date:   July 28, 2026                          _____/s/_____

                                               Douglas R. Miller
                                               United States Magistrate Judge

9